***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Rowell. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission reverses the Decision and Order of the Deputy Commissioner and enters the following Decision and Award.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On or about October 11, 1999, plaintiff was incarcerated at Southern Correctional Institution.
2. Plaintiff has a history of seizures and has been taking the drug Dilantin for the control of these seizures.
3. On or about October 2, 1999, plaintiff refused his Dilantin due to his concern that damage to the liver can occur with Dilantin, with the understanding that this would create a risk of recurrent seizures.
4. On or about October 11, 1999, plaintiff was assigned to a top bunk at Southern despite the fact the plaintiff had provided documentation that he should be provided a lower bunk due to his seizures. He was to have been assigned a lower bunk while taking Dilantin, which indicates that even with Dilantin there was still a risk of seizure. Plaintiff had a seizure and fell off the top bunk. Plaintiff was treated by medical staff at First Health EMS and by medical staff at Southern Correctional Institution. Plaintiff suffered a fractured wrist three weeks prior to falling from the bunk. Plaintiff was not contributorily negligent for falling off the upper bunk when he had a seizure.
5. Plaintiff suffered an injury to his hip in the form of right-sided pain with no swelling or discoloration.
6. On or about May 25, 2000, plaintiff filed a tort claim with the Industrial Commission alleging that he was negligently assigned to a top bunk against medical orders.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff filed his action pursuant to the Tort Claims Act, N.C. Gen. Stat. § 143-291 et seq. (1993). This Act allows persons to sue state departments or agencies for injuries caused by negligence of state employees.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Defendant owed plaintiff a duty of reasonable care. Assigning plaintiff a top bunk when it had been previously ordered by plaintiff's doctor that he be assigned a lower bunk to prevent injuries in case of seizure constitutes a breach of that duty. Plaintiff was not contributorily negligent for refusing his seizure medication. The negligence of defendant's employees was a proximate cause of plaintiff's pain and suffering as a result of his fall from the upper bunk during his seizure. A reasonable sum for plaintiff's pain and suffering is one hundred dollars ($100.00). N.C. Gen. Stat. § 143-291(a).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff shall have and recover from defendant the sum of one hundred dollars ($100.00) as money damages for pain and suffering and defendant shall pay plaintiff said sum.
2. Defendant shall pay the costs of this civil action.
This the 19th day of March 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN